UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
A.S. and MENCHEM STEIN,

                                  Plaintiffs,                    **MEMORANDUM
                                                                    AND ORDER**

                 -against-                                            11-CV-2359 (ARR)

EL AL ISRAEL AIRLINES, INC.,

                                **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In a letter dated June 26, 2012, plaintiffs' counsel, responding to repeated directives to produce his contemporaneous time records, represents to the Court that his firm did not maintain any time records in this personal injury action involving an infant plaintiff, and, moreover, that "[b]ecause the continency agreement is totally independent of any possible hourly billing, no time records are kept by *any* attorneys in New York who represent plaintiffs in personal injury actions." Letter by A.S. (June 26, 2012) (emphasis added), ECF Docket Entry ("DE") #21.

      This Court will take plaintiffs' counsel at his word that he and his firm did not keep any time records in this case. The Court rejects his contention that "no time records are kept by any attorneys in New York" who represent *infant* plaintiffs in personal injury actions. In fact, the proper practice in such cases is for attorneys to keep track of their hours, inasmuch as "both the Local Civil Rules and New York State law grant [the courts] broad authority to determine the reasonableness of attorney's fees" in connection with infant compromise hearings. See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 89 (2d Cir. 2010) (citing Local Civil Rule 83.2(a)(2), N.Y. Judiciary Law § 474, and collecting

cases).  Simply put, while "a contract between the attorney and the infant guardians providing for a continency fee is to be considered by the judge, . . . it is not binding." Id. at 90 (citing White v. DaimlerChrysler Corp., 871 N.Y.S.2d 170, 173-74 (2d Dep't 2008)).

Accordingly, plaintiffs' counsel is directed to reconstruct, from attorney diaries, work files, etc., the number of hours the firm expended working on this case, and to file that reconstruction with the Court by July 3, 2012.

An infant compromise hearing will be held on July 10, 2012, at 2:00 p.m.  The infant plaintiff's father/guardian must attend along with counsel.

   SO ORDERED.

Dated:   Brooklyn, New York
         June 27, 2012

                                             /s/ Roanne L. Mann
                                     **ROANNE L. MANN**
                                     **UNITED STATES MAGISTRATE JUDGE**